UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GREAT LAKES INSURANCE, S.E. | CIVIL ACTION |
| VERSUS | NO. 20-2795 |
| GRAY GROUP INVESTMENTS, LLC | SECTION "R" (2) |

### ORDER AND REASONS

Before the Court is plaintiff Great Lakes Insurance, S.E.'s ("Great Lakes") motion to strike[1] defendant Gray Group Investments, LLC's ("Gray Group") jury demand. Gray Group opposes the motion.[2] For the following reasons, the Court grants the motion, and strikes defendant's jury demand.

### I.  BACKGROUND

This case arises out of a dispute over insurance coverage of a yacht that sustained damage during Hurricane Sally. The insurance policy at issue provided that plaintiff Great Lakes would insure defendant Gray Group's yacht, the HELLO DOLLY VI, from January 1, 2020, through January 1, 2021.[3]

---

[1]   R. Doc. 116.
[2]   R. Doc. 136.
[3]   R. Doc. 119-4 at 1.

1

On September 15, 2020, Hurricane Sally struck the Gulf Coast, while the HELLO DOLLY VI was moored in Pensacola, Florida.[4] The vessel sustained significant damage from the storm, and sank at its mooring in Pensacola.[5] After the hurricane, Gray Group filed a claim with Great Lakes, claiming a total loss of the vessel.[6] On October 13, 2020, Great Lakes denied coverage on the grounds that Gray Group had breached certain warranties under the Policy.[7]

On October 13, 2020, Great Lakes filed suit in this Court, seeking a declaratory judgment that Gray Group breached certain warranties, and that the insurance policy covering the HELLO DOLLY VI was void *ab initio*.[8] Great Lakes invoked the Court's admiralty jurisdiction under 28 U.S.C. § 1333, for interpretation of a contract of marine insurance.[9] Great Lakes later amended its complaint, but retained its invocation of the Court's admiralty jurisdiction,[10] and did not state a separate basis for jurisdiction.

---

[4]  R. Doc. 20 ¶ 12; R. Doc. 22-1 at 3.
[5]  R. Doc. 119-12 ¶ 20 (Gray Group's Statement of Uncontested and Established Facts).
[6]  R. Doc. 126-12 at 1 (Letter from Todd Crawford to Michael Bagot) (Oct. 13, 2020).
[7]  *Id.* at 1-4.
[8]  R. Doc. 1; R. Doc. 20 ¶¶ 13-18.
[9]  R. Doc. 1 ¶ 3.
[10] R. Doc. 20 ¶ 3.

On December 15, 2020, Defendant Gray Group filed an answer and counter-claims, seeking coverage for the HELLO DOLLY VI, and stating that the Court had admiralty jurisdiction under 28 U.S.C. § 1333, and diversity jurisdiction under 28 U.S.C. § 1332.[11] Gray Group asserted that Great Lakes's denial of coverage was "contrary to the parties' intent and understanding of the Policy."[12]  Gray Group also alleged that Great Lakes had violated Louisiana insurance law, including La. Rev. Stat. § 22:1973 and § 22:1892.[13] Gray Group demanded a trial by jury on all matters.[14]  Gray Group later filed a restated answer and counter-claims, but left unchanged its jurisdiction statement, its alleged "breaches and violations of law," and its jury demand.[15]

On January 5, 2021, Great Lakes filed an answer to Gray Group's counter-claims.[16]  Great Lakes asserted that Gray Group is not entitled to a jury, and that its jury demand should be struck.[17] On January 14, 2021, the case was set for a jury trial.[18]

---

[11]   R. Doc. 6 at 10 ¶ 3.
[12]   *Id.* at 15 ¶ 30.
[13]   *Id.* at 17 ¶¶ 36-37.
[14]   *Id.* at 17.
[15]   R. Doc. 17.
[16]   R. Doc. 9.
[17]   *Id.* ¶ 38.
[18]   R. Doc. 11 at 4.

3

On November 5, 2021, Great Lakes filed a motion to strike Gray Group's jury demand.[19] Great Lakes contends that, because it designated this case in admiralty, there is no right to a jury trial.[20] It further asserts that Gray Group did not become entitled to a jury trial by having invoked both admiralty and diversity jurisdiction in its counter-claim.[21] Gray Group opposes the motion, contending that its counter-claim rests on diversity jurisdiction, and vests Gray Group with the right to a trial by jury.[22]

The Court considers the parties' arguments below.

## II.   DISCUSSION

"A marine insurance contract is indisputably a marine contract within federal admiralty jurisdiction." *New Hampshire Ins. Co. v. Martech USA, Inc.*, 993 F.2d 1195, 1198 (5th Cir. 1993). If a claim is within the Court's "admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim for purposes of Rules 14(c), 38(e), and 82." Fed. R. Civ. P. 9(h). Rule 38(e) provides that the "rules do not

---

| | |
|---|---|
| 19 | R. Doc. 116. |
| 20 | R. Doc. 116-1 at 4-5. |
| 21 | *Id.* at 6. |
| 22 | R. Doc. 136 at 3-5. |

4

create a right to a jury trial on issues in a claim that is an admiralty or maritime claim under Rule 9(h)." Fed. R. Civ. P. 38(e). The plaintiff need not invoke Rule 9(h) explicitly in its complaint. Instead, "a simple statement asserting admiralty or maritime claims" is sufficient to designate the case in admiralty. *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 345 (5th Cir. 1991).

When a plaintiff designates its claim as an admiralty claim under Rule 9(h), the defendant is not entitled to a jury trial. *See Harrison v. Flota Mercante Gancolombiana*, 577 F.2d 968, 987-88 (5th Cir. 1978) (trial court properly denied third-party defendant's jury demand where plaintiff specifically elected to pursue non-jury admiralty claim under Rule 9(h)); *see also Hamm v. Island Operating Co., Inc.*, 450 F. App'x 365, 369 (5th Cir. 2011) ("In situations like [plaintiff's], the election made available to the pleader pursuant to Rule 9(h) is dispositive.") (internal citation omitted).

A defendant may not "emasculate the election given to the plaintiff by Rule 9(h)" simply by bringing counter-claims or third-party actions. *Harrison*, 577 F.2d at 987; *Underwriters at Lloyd's, London v. Sundowner Offshore Servs., Inc.*, No. 97-1394, 1999 WL 90566, at *1 (E.D. La. Feb. 17, 1999) (Fallon, J.). This is especially so when "the facts which established admiralty jurisdiction for the plaintiff's original claim, . . . also form[] the basis" for the third-party action or counter-claim. *Harrison*, 577 F.2d at 987

(citing *Watz v. Off-Shore Co.*, 431 F.2d 100, 118 (5th Cir. 1970)); *see also Great Lakes Reinsurance (UK) SE v. Herzig*, 413 F. Supp. 3d 177, 186 (S.D.N.Y. 2019) (finding no right to a jury trial because plaintiff invoked Rule 9(h) and because defendant's counterclaims "arise out of the same contract as the plaintiff's claims and involve the same operative facts." (citations omitted)).

Here, plaintiff Great Lakes filed suit seeking resolution of a marine-insurance contract dispute, a matter plainly within the Court's admiralty jurisdiction. *New Hampshire Ins. Co.*, 993 F.2d at 1198. The complaint included a "simple statement asserting admiralty or maritime claims." *Teal*, 933 F.2d at 345. The case was therefore designated in admiralty, and, accordingly, Gray Group is not entitled to a jury trial. *Harrison*, 577 F.2d at 987.

Moreover, Gray Group's counter-claims arise from the same transaction or occurrence as Great Lakes's claim. The operative facts beneath the parties' claims are identical. Specifically, the parties dispute the meaning of the same marine insurance contract, and whether coverage for the loss of the HELLO DOLLY VI is owed under that contract. Gray Group's claims for coverage under the policy, including its related claims under Louisiana state law, are nothing more than the flipside of Great Lakes's claim

6

for a declaration of no coverage. *See Harrison*, 577 F.2d at 987; *Underwriters at Lloyd's*, 1999 WL 90566, at *1; *Great Lakes*, 413 F. Supp. 3d at 186. Gray Group may not emasculate Great Lakes's election to proceed in admiralty by virtue of its counter-claims.

The authorities cited by Gray Group in support of its jury demand are inapposite. One case involved a Jones Act claim by a seaman who expressly elected, as the plaintiff, to pursue a jury trial. *See Fitzgerald v. United States Lines Co.*, 374 U.S. 16 (1963). Another was an antitrust case, not involving admiralty jurisdiction at all. *See Beacon Theatres, Inc. v. Westover*, 359 U.S. 500 (1959). Another is from the Ninth Circuit, and runs directly contrary to Fifth Circuit precedent that binds this Court. *See Wilmington Trust v. U.S. Dist. Court.*, 934 F.2d 1026 (9th Cir. 1991). And yet another was expressly disavowed by the same district court, as inconsistent with "the prevailing view," noting that, "in the twenty years since [*Sphere Drake Ins. PLC v. J. Shree Corp.*, 184 F.R.D. 258 (S.D.N.Y. 1999)] was decided, no court in th[e] District has followed that decision." *Great Lakes*, 413 F. Supp. 3d at 186.

The law on this issue is clear. Great Lakes is entitled to a nonjury trial. The Court therefore strikes Gray Group's jury demand.

7

## III.  CONCLUSION

For the foregoing reasons, plaintiff's motion to strike the jury demand is GRANTED.  Defendant's jury demand is STRUCK.

New Orleans, Louisiana, this __14th__ day of December, 2021.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE