UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GREAT LAKES INSURANCE, S.E.                CIVIL ACTION

VERSUS                                      NO. 20-2795

GRAY GROUP INVESTMENTS, LLC                SECTION "R" (2)

**ORDER AND REASONS**

Before the Court is defendant Gray Group Investments, LLC's ("Gray Group") motion to strike[1] new claims made by Great Lakes Insurance, S.E. ("Great Lakes") in its opposition to Gray Group's motion for summary judgment.[2] Great Lakes opposes the motion.[3] For the following reasons, the Court grants Gray Group's motion, and strikes the untimely claims.

**I. BACKGROUND**

This case arises out of a dispute over insurance coverage of a yacht that sustained damage during Hurricane Sally. The insurance policy at issue provided that Great Lakes would insure Gray Group's yacht, the HELLO DOLLY VI, from January 1, 2020, through January 1, 2021.[4]

---

[1]   R. Doc. 149.
[2]   R. Doc. 140.
[3]   R. Doc. 153.
[4]   R. Doc. 119-4 at 1.

1

Before the start of coverage, Gray Group completed and signed an "Application Form" provided by Great Lakes.[5] The Form names the insured vessel as the HELLO DOLLY VI,[6] and provides that the vessel's "primary mooring location" between July 1 and November 1 will be the Orleans Marina.[7] The Form also provides that the vessel's purchase price was $1,900,000.00.[8] It further states that "[a]ny misrepresentation in this application for insurance may render insurance coverage null and void from inception."[9]

Under the insurance agreement (the "Policy"), the hull of the HELLO DOLLY VI is insured for up to $1,900,000, with a $228,000 named-windstorm deductible.[10] The Policy states that the "contract is null and void in the event of non-disclosure or misrepresentation of a fact or circumstances material to our acceptance or continuance of this insurance."[11]

In the spring of 2020, the HELLO DOLLY VI was moved from the Orleans Marina to the Roscioli Shipyard in Fort Lauderdale, Florida.[12] On

---

[5] R. Doc. 119-2 at 1-5.
[6] *Id.* at 1.
[7] *Id.* at 2.
[8] *Id.*
[9] *Id.*
[10] R. Doc. 119-4 at 1.
[11] *Id.* at 13.
[12] R. Doc. 119-5 at 10 (Deposition of Michael Gray at 17:5-9); R. Doc. 119-6 ¶ 3 (Declaration of Michael Townsend Gray).

2

July 19, 2020, the vessel was moved to Pensacola, Florida, and moored at the home of Michael Gray, a member of Gray Group, LLC.[13] The vessel remained moored at Michael Gray's home until September 15, 2020, when Hurricane Sally struck the Gulf Coast, including Pensacola. At 11:47 p.m. on September 15, the vessel sustained significant damage from the storm, and sank at its mooring in Pensacola.[14]

After the hurricane, Gray Group filed a claim with Great Lakes, claiming a total loss of the vessel.[15] On October 13, 2020, Great Lakes denied coverage on the grounds that Gray Group had breached certain warranties under the Policy.[16]

On October 13, 2020, plaintiff Great Lakes filed suit in this Court, seeking a declaratory judgment that the insurance policy covering the HELLO DOLLY VI was void.[17] Specifically, Great Lakes alleged that Gray Group was in breach of certain warranties contained in a Hurricane Questionnaire/Plan, because the vessel (i) was not moored at the Orleans

---

[13]   R. Doc. 119-5 at 9 (Deposition of Michael Gray at 16:14-24); R. Doc. 119-6 ¶ 4 (Declaration of Michael Townsend Gray).
[14]   R. Doc. 119-12 ¶ 20 (Gray Group's Statement of Uncontested and Established Facts).
[15]   R. Doc. 126-12 at 1 (Letter from Todd Crawford to Michael Bagot) (Oct. 13, 2020).
[16]   *Id.* at 1-4.
[17]   R. Doc. 1; R. Doc. 20 ¶¶ 13-18.

Marina, (ii) was not fully manned, (iii) was not evacuated to safe harbor, and (iv) did not have its anchor deployed.[18] Defendant Gray Group filed cross-claims, seeking coverage for the HELLO DOLLY VI under the Policy.[19]

On November 16, 2021, Great Lakes and Gray Group both moved for summary judgment.[20] Gray Group argues that that the undisputed facts establish that the loss of the HELLO DOLLY VI is covered under the Policy, and Great Lakes argues the opposite. Each party opposes the other's motion.[21] Relevant here, Great Lakes contends in its opposition memorandum that, in addition to its arguments regarding the Hurricane Questionnaire/Plan, the Policy is also void on the grounds that Gray Group made material misrepresentations in its Application Form.[22] Specifically, it asserts that Gray Group (i) misrepresented the vessel's "primary mooring location," because the vessel was never moored at the Orleans Marina during the 2020 hurricane season, and (ii) misrepresented the vessel's purchase price.[23] Great Lakes also alleges misrepresentation in its reply in support of its own motion for summary judgment.[24]

---

[18]  R. Doc. 20 ¶ 15.
[19]  R. Doc. 17.
[20]  R. Docs. 119 & 126.
[21]  R. Docs. 135 & 140.
[22]  R. Doc. 140 at 24-25.
[23]  *Id.*
[24]  R. Doc. 146 at 4-5.

4

On December 9, 2021, Gray Group moved to strike Great Lakes's claim that Gray Group made material misrepresentations in its Application Form.[25] Gray Group asserts that Great Lakes's complaint alleges four specific breaches of the Hurricane Questionnaire/Plan, but is silent on any other issues.[26] It contends that Great Lakes did not allege misrepresentation in its reservation-of-rights letter, denial-of-coverage letter, its two complaints, its motion for summary judgment, or its statements of disputed or undisputed facts.[27]

Great Lakes opposes the motion to strike, contending that the untimeliness of its misrepresentation claims owes to Gray Group's withholding of information during discovery.[28] Great Lakes asks the Court to consider the misrepresentation claims, or, in the alternative, to grant a brief continuance for the parties to conduct any needed discovery on the claims.[29]

---

[25]  R. Doc. 149-1 at 6.
[26]  *Id.*
[27]  *Id.*
[28]  R. Doc. 153 at 4-6.
[29]  *Id.* at 6.

## II. DISCUSSION

It is well-settled in the Fifth Circuit that "[a] claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court." *Jackson v. Gautreaux*, 3 F.4th 182, 188 (5th Cir. 2021) (citing *Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005)). The Fifth Circuit has "repeatedly emphasized this rule." *Id.* (collecting cases).

Such is the scenario here. Great Lakes did not allege any misrepresentation by Gray Group in its complaint. The complaint alleges only that Gray Group breached warranties under the Hurricane Questionnaire/Plan,[30] and that those breaches voided the policy *ab initio*.[31] Great Lakes raised its misrepresentation claims for the first time in its opposition to Gray Group's motion for summary judgment, contending that Gray Group misrepresented the vessel's "primary mooring location" and purchase price.[32] Consistent with well-established Fifth Circuit precedent, these newly raised misrepresentation claims are not properly before the Court. *See id.*

---

[30] R. Doc. 20 ¶ 15.
[31] *Id.*
[32] R. Doc. 140 at 24-25.

6

In opposing the motion to strike, Great Lakes asserts that Gray Group is to blame for the untimeliness, because Great Lakes sought information regarding the vessel's mooring location as soon as it issued written discovery in February 2021, but did not receive that information until August 2021, when Gray Group responded that the vessel was moved from Fort Lauderdale to Pensacola on July 19, 2020.[33] Great Lakes further contends that it was not until October 11, 2021 that it learned that the vessel was never at the Orleans Marina during the 2020 hurricane season.[34] But this timeline of discovery submitted by Great Lakes undermines its own argument. If Great Lakes knew in October 2021 that the vessel was never at its "primary mooring location," it should have moved to amend its complaint at that time, to add the misrepresentation claim. But Great Lakes never moved to amend its complaint. It instead waited until December 2021 to allege misrepresentation, when it raised the claim for the first time in the final two pages of its opposition memorandum. The claim must therefore be struck.

Great Lakes offers even less of an explanation as to its claim that the vessel's purchase price was misrepresented. Email correspondence indicates that Great Lakes's underwriters had concerns about the vessel's reported

---

[33] R. Doc. 153 at 4.
[34] *Id.*

7

valuation as early as four days after the loss of the vessel, and well before the filing of this lawsuit.[35]  But evidently, those concerns did not warrant inclusion in either the original or amended complaint.  Great Lakes may not raise this claim for the first time in its summary-judgment papers.

For these reasons, the Court strikes Great Lakes's claims regarding misrepresentations in the Application Form.  The Court will not consider Great Lakes's misrepresentation claims in ruling on Gray Group's motion for summary judgment.[36]

Nor will the Court consider the misrepresentation claims in ruling on Great Lakes's own motion for summary judgment.[37]  The Court notes that, in addition to Great Lakes's failure to allege misrepresentation in its complaint, the misrepresentation claims are improper on Great Lakes's summary-judgment motion for the added reason that they were raised for the first time in Great Lakes's reply brief.[38]  It is well established that "[n]ew

---

[35]  R. Doc. 149-2 at 14 (Email from Mark Thomas to Revel Boulon and Samantha Thomas) (Sept. 19, 2020) ("I am very concerned at the agreed value of this vessel."); *id.* at 27 (Email from Tony Usher to Mark Thomas, et al.) (Oct. 8, 2020) (stating that the surveyor "talks a good game (and I can see why we may have accepted [the valuation]) but total nonsense.").

[36]  R. Doc. 119.

[37]  R. Doc. 126.

[38]  *See* R. Doc. 146.  While Great Lakes's motion for summary judgment contains one sentence stating that "it appears that Gray Group also misrepresented the permanent mooring location of the vessel in the

arguments and legal theories raised for the first time in a reply brief cannot be considered by the court." *Williams v. Williams*, No. 16-794, 2017 WL 2634202, at *2 (E.D. La. June 19, 2017) (Milazzo, J.); *see also Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010) ("Arguments raised for the first time in a reply brief are . . . waived."); *Benefit Recovery, Inc. v. Donelon*, 521 F.3d 326, 329 (5th Cir. 2008) ("[A]rguments cannot be raised for the first time in a reply brief.").

---

application," R. Doc. 126-1 at 10, Great Lakes does not submit any argumentation on this issue, nor does it move for summary judgment on the grounds of misrepresentation. Great Lakes seeks summary judgment solely on the basis that the Hurricane Questionnaire/Plan is a warranty under the Policy, and that the Plan's terms were breached. *See* R. Doc. 126 at 1. Great Lakes's passing reference to the "appear[ance]" of misrepresentation does not prevent waiver of the misrepresentation claim. *Cf. Hollis v. Lynch*, 827 F.3d 436, 451 (5th Cir. 2016) (holding that, when an opening brief contains "no argument" on a given claim, a "passing reference" to the claim is "insufficient to prevent . . . waiver").

9

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS Gray Group's motion to strike. In ruling on the parties' cross-motions for summary judgment, the Court will not consider Great Lakes's claim that Gray Group made material misrepresentations in its Application Form.

New Orleans, Louisiana, this __22nd__ day of December, 2021.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE